*Disbarred. All the Justices concur.*

S99Y1624, S99Y1625, S99Y1627. IN THE MATTER OF
ROBERT E. LOWE (three cases).
(522 SE2d 652)

PER CURIAM.

The State Bar filed three Notices of Discipline against Respondent Robert E. Lowe alleging violations of seven standards of Bar Rule 4-102 (d). Although Lowe acknowledged service, he did not file any Notice of Rejection. Due to Lowe's failure to respond and pattern of client abandonment, we agree with the State Bar's recommendation of disbarment.

The three notices allege that Lowe violated Standards 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 22 (b) (lawyer shall not fail to follow the proper rules for withdrawal from employment including notice to the client and delivery of client files to the client); 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 61 (lawyer shall promptly notify client of the receipt of funds, securities or other property and deliver them to client); 63 (lawyer shall maintain complete records and render appropriate accounts to the client); 65 (lawyer shall not commingle client's funds with his own and shall not fail to account for trust property, including money and interest paid on the client's

money, if any, held in a fiduciary capacity); and 68 (lawyer shall not fail to respond to disciplinary authorities during the investigation of a complaint) of Bar Rule 4-102 (d). On August 12, 1999, Lowe acknowledged service of the three Notices of Discipline, but failed to reject the notices within 30 days as provided by Bar Rule 4-208.3 (a); Lowe apparently did file Notices of Rejection to two additional Notices of Discipline filed against him in other matters. Due to Lowe's failure to file Notices of Rejection in these cases, Lowe is in default, has no right to an evidentiary hearing, and is subject to discipline by this Court. Bar Rule 4-208.1 (b).

Case No. S99Y1624: In July of 1995, Lowe was hired to represent a client in an employment matter against Georgia Regional Hospital. Lowe represented the client in a hearing before an administrative law judge for the State Personnel Board. On May 20, 1996, the parties entered into a settlement agreement. Four months later, Lowe's client gave him a document that he was to deliver to the State Personnel Board. However, Lowe failed to deliver the document, return his client's telephone calls, keep appointments with her, and keep her informed on the status of her case. Further, Lowe's client never received any money under the settlement agreement.

In Case No. S99Y1625, Lowe was hired to represent a client in a chapter 7 bankruptcy petition, and the client paid Lowe $660 as an attorney fee and a filing fee. Although Lowe visited the client in her home and obtained additional information and documents, he never filed a petition on her behalf. Despite this fact, Lowe directed the client to tell her creditors to call him and he would provide them with her bankruptcy case number. Although the client telephoned Lowe several times to determine the status of her case, Lowe did not return her calls. Further, when the client attempted to visit Lowe at his law office during normal business hours to discuss her case, she found the office was closed. Finally, after the client discovered that Lowe had never filed a petition on her behalf, she wrote Lowe directing him to refund her $660 and return her file. Despite this written request, Lowe never refunded any money to the client or returned her file or any documents.

In Case No. S99Y1627, Lowe was hired in November of 1996 to represent a client in a personal injury action. Although the client telephoned Lowe repeatedly to determine the status of her case, Lowe never returned her calls, filed a lawsuit, took any action on her behalf, or forwarded her file to another attorney as requested.

In recommending disbarment, the State Bar listed as aggravating factors the number of grievances filed against Lowe, Lowe's failure to respond to disciplinary authorities, and Lowe's substantial experience in the practice of law, having been a member of the State Bar of Georgia since 1987. We agree with the State Bar that disbar-

ment is warranted as a result of Lowe's violations of Standards 4, 22 (b), 44, 61, 63, 65 and 68 in these cases. Accordingly, Robert E. Lowe is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 16, 1999.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.